**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACKELIN ANTONIA GUERRERO-
HERNANDEZ; et al.,

  Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 09-70463

Agency Nos.   A099-675-928
              A099-675-929

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

   Jackelin Antonia Guerrero-Hernandez and her son, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from the immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's legal conclusions and review for substantial evidence factual findings. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). We deny the petition for review.

Guerrero-Hernandez does not challenge the BIA's rejection of her proposed social group. Substantial evidence supports the BIA's determination that Guerrero-Hernandez failed to establish the extortion demands and threats from gang members were on account of a protected ground. *See id.* at 856 (evidence supported conclusion that gang victimized the petitioner for economic and personal reasons rather than on account of a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, because Guerrero-Hernandez failed to demonstrate she was persecuted or fears persecution on account of a protected ground, we deny the petition as to petitioners' asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

09-70463

Substantial evidence also supports the agency's denial of CAT relief because petitioners did not establish a likelihood of being tortured in El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**